# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE MIGUEL NUNEZ, :
    Petitioner, :
                      :    No. 1:19-cv-551
    v. :
                      :    (Judge Rambo)
WARDEN D.K. WHITE, :
    Respondent. :

## **MEMORANDUM**

On April 1, 2019, Petitioner Jose Miguel Nunez ("Nunez"), a prisoner confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Nunez asserts that he is entitled to immediate recalculation of his good time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. (*Id.* at 1.) He claims that under this recalculation, he is entitled to an additional 109 days of good time credit, which would allow him to be released earlier.[1] (*Id.*) Nunez further argues that delayed implementation of the First Step Act's good time provisions violates due process. (*Id.* at 6.)

---

[1] Nunez notes, however, that in 2010, he was "ordered [to be] removed from the United States to Mexico on his release from federal incarceration." (Doc. No. 1 at 5.)

On April 16, 2019, the Court granted Nunez leave to proceed *in forma pauperis* and directed Respondent to show cause why Nunez should not receive the relief he seeks. (Doc. No. 4.) Respondent filed a response on May 6, 2019 (Doc. No. 6), and Nunez filed his traverse on May 15, 2019 (Doc. No. 7). Accordingly, this matter is ripe for disposition. For the following reasons, Nunez's § 2241 petition will be dismissed without prejudice.

**I.      BACKGROUND**

In 2007, Judge Heartfield of the United States District Court for the Eastern District of Texas sentenced Nunez to 292 months of incarceration for conspiracy to distribute and possess with intent to distribute 150 kilograms or more of cocaine. (Doc. No. 6 Ex. A, Attach. 1 at 3.) Subsequently, Nunez's sentence was reduced to 188 months pursuant to retroactive amendments to the United States Sentencing Guidelines. (*Id.*) Nunez is also serving a 73-month sentence for conspiracy to commit money laundering imposed by Judge Lake of the United States District Court for the Southern District of Texas. (*Id.* at 3-4.) Nunez's release date is currently set for July 24, 2019. (*Id.* at 2, 5.) So far, Nunez has earned a total of 702 days of good time credit. (*Id.*, Attach. 3 at 2.) He is expected to receive a total of 737 days of good time credit. (*Id.*)

The Bureau of Prisons ("BOP") has a multi-step procedure for inmates to grieve aspects of their imprisonment. *See* 28 C.F.R. §§ 542.10-542.19. First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *Id.* § 542.13(b). If informal resolution is unsuccessful, the inmate may file a formal written grievance with the Warden, using the appropriate form, within twenty (20) days of the date of the events forming the basis of the grievance. *Id.* § 542.14(a). An inmate dissatisfied with the Warden's response may appeal it to the Regional Director within twenty (20) days of the Warden's response. *Id.* § 542.15(a). Finally, an inmate may appeal the Regional Director's response to the BOP's General Counsel within thirty (30) days of the Regional Director's response. *Id.* Nunez has not submitted any administrative remedy requests regarding his good time credits. (Doc. No. 6 Ex. A, Attach. 2.)

## II. DISCUSSION

Section 102(b)(1) of the First Step Act "amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after

3

December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See id.* at *2. Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, Nunez's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. *See Schmutzler*, 2019 WL 727794, at *2 (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); *see also Dailey v. Bureau of Prisons*, No. 1:19-0662-RMG, 2019 WL 2089167, at *1 (D.S.C. May 13, 2019); *Butler v. Warden, Williamsburg FCI*, No. 4:19-0726-MBS, 2019 WL 2088627, at *1 (D.S.C. May 13, 2019); *Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019).

Moreover, Nunez's argument that delayed implementation of these provisions violates due process lacks merit. As the United States District Court for the Eastern District of New York has stated,

4

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. *See* 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

*Perez v. Zenk*, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

Finally, Nunez asserts that on March 13, 2019, he submitted an Inmate Request to Staff form requesting recalculation of his good time pursuant to the First Step Act. (Doc. No. 1 at 2.) On March 18, 2019, his case manager responded that the BOP had not received any new orders from the court regarding his sentence. (*Id.*) Nunez argues that "[t]he procedural posture of this case renders futile any further pursuit of administrative remedies." (*Id.*) He contends that this is because: (1) the case manager indicated a court order is needed and (2) exhaustion "is futile based on the cost of time." (*Id.*) In his traverse, Nunez also contends that "there is every expectation that an administrative appeal to the Warden would be entirely futile." (Doc. No. 7 at 3.)

5

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Nunez's allegations, however, are insufficient to excuse his failure to pursue his available administrative remedies. *See Schmutzler*, 2019 WL 727794, at *2; *cf. Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (noting that this Court has "consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark [in challenges to RRC placement under the Second Chance Act]'"). As

noted above, the BOP "will determine how to implement those portions of" the First Step Act regarding recalculation of good-time credit. *United States v. Kamber*, No. 09-cr-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019). Once that occurs, Nunez may "file a lawsuit after exhausting administrative remedies." *Id.* Thus, Nunez must first request the relief he seeks through the BOP's administrative process before pursuing his claim in this Court.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Nunez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) without prejudice. An appropriate Order follows.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: May 20, 2019